IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES A. MIKEL | § | |
| | § | |
| V. | § | NO. 1:07-CV-598 |
| | § | |
| CONN'S APPLIANCES | § | |

## MEMORANDUM OPINION RE MOTION FOR APPOINTED COUNSEL

Plaintiff James A. Mikel, proceeding *pro se* and *in forma pauperis*, sues his former employer, Conn's Appliances, for alleged employment discrimination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964. This case is referred to the undersigned for determination of all pretrial matters pursuant to General Order 05-07.

Plaintiff requests that the court appoint counsel to represent him in this action. This memorandum opinion states the court's analysis and reasons for granting plaintiff's motion.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff believes that he is a victim of prohibited racial discrimination because he is black, and a similarly situated white employee, Edward Miekelson, received a

higher salary.  According to plaintiff, both employees were *inside* technicians.  Miekelson, however, was compensated on a different pay system which resulted in more pay for less work.  Plaintiff further alleges that Miekelson was given easier and more profitable work to do.

Plaintiff alleges that he requested to be placed on the same pay system as Miekelson, but was denied.  Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on September 19, 2006.

Plaintiff filed with the court a packet of information relating to his EEOC complaint.  That packet contains two letters written to EEOC by Thomas Shields, Vice President of Human Resources.  In the first, Shields reported that the job classifications of the two employees were different:  plaintiff was an *inside* technician, while Miekelson was an *air conditioning* technician.  In the second, Shields stated that plaintiff and Miekelson were paid identically until plaintiff stopped producing when he did not get the same pay increase as *outside* technicians.

More than 180 days passed after plaintiff filed his complaint with EEOC.  At plaintiff's request, EEOC terminated its processing, and issued a notice of right to sue dated May 24, 2007.  Plaintiff states that he received the right to sue letter on June 8 or 9, 2007.  Accepting this statement as true, plaintiff's complaint filed on August 30,

2007, was timely.[1]

## DISCUSSION AND ANALYSIS

I.  **Motion for Appointment of Counsel**

    **(A)    Legal Standards**

A civil litigant, proceeding under Title VII has no absolute right to appointed counsel. Salmon v. Corpus Christi I.S.D., 911 F.2d 1165, 1166 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); see also 42 U.S.C. § 2000e-5(f)(1) (2006). Rather, the decision to appoint counsel is left within the "sound discretion of the trial court." Gonzalez v. Carlin, 907 F.2d 573, 579 (5th Cir. 1990).

Three factors are relevant to the decision whether to appoint counsel: (1) whether the movant has the financial ability to retain counsel; (2) whether the movant has made a diligent effort to retain counsel; and (3) whether the movant presents a meritorious claim. Gonzalez, 907 F.2d at 580 (citing Caston v. Sears,

---

[1] Timeliness may be contested. Suit must be brought within ninety days from the date the EEOC's notice of right to sue is received. 42 U.S.C. § 2000e-5(f)(1) (civil action may be brought within ninety days "after the giving of such notice"); 29 C.F.R. § 1601.28 (e)(1) (2006) (clarifying that civil action must be brought "within 90 days from receipt" of the notice of right to sue).
    Courts presume that a complainant receives EEOC's notice between three and seven days after its issue date. Morgan v. Potter, 489 F.3d 195, 196 (5th Cir. 2007). Here, plaintiff's suit was filed at least fifteen days after the letter was mailed. However, plaintiff's complaint avers that he did not receive EEOC's notice until June 8 or 9, 2007. Such allegation, which the court initially accepts as true, constitutes "some evidence to demonstrate that he . . . did not receive the letter within the allotted time," and thus rebuts the presumption. Id. at 197 n.1.

Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977)). "No single factor is conclusive." Id.

### (B) Application

On October 6, 2007, the court examined plaintiff at an on-the-record hearing with respect to the applicable factors. Based on plaintiff's sworn testimony given at the hearing, the court makes the following findings and conclusions:

### (1) Ability to Afford Counsel

A movant's ability to afford counsel is measured by a more lenient standard than that required to qualify for *in forma pauperis* status. See Gonzalez, 907 F.2d at 579-80; Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir. 1982) (citing Caston, 556 F.2d at 1309). A movant need only show insufficient assets and income to afford an attorney to investigate the claim. See Luna v. Intern'l Ass'n of Machinists & Aerospace Workers Local # 36, 614 F.2d 529, 531 (5th Cir. 1980).

Plaintiff submitted an affidavit, and testified in the hearing that he is unable to pay court fees and afford an attorney. Although he owns real estate including a residence and rental property (damaged by hurricane and unoccupied), he does not report sufficient liquidity to provide up-front cash to retain an attorney. Even more significantly, the court previously determined that plaintiff meets the indigence

requirements under 28 U.S.C. § 1915, and granted plaintiff's motion to proceed *in forma pauperis*. It follows, therefore, that this factor weighs in favor of appointing counsel.

### (2) Efforts to Secure Counsel

A movant's efforts to secure counsel must be "reasonably diligent" under the circumstances. See Bradshaw v. Zoological Society, 662 F.2d 1301, 1319 (9th Cir. 1981). A reasonably diligent attempt to secure counsel means, *at a minimum*, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement. See Caston, 556 F.2d at 1309.

Plaintiff's motion states that he contacted two attorneys who refused to take his case. One attorney declined to take the case for an undisclosed reason after reviewing his paperwork. The other attorney refused to take the case without even reviewing plaintiff's paperwork. In both instances, plaintiff was unable to discuss a contingent fee or any other fee arrangement.

At the evidentiary hearing, plaintiff testified that his neighbor is an attorney. He consulted his neighbor, but the neighbor would not take his case. Instead, he provided plaintiff with the number of another attorney. The record does not disclose whether plaintiff tried to contact that attorney.

On balance, this factor weighs in favor of appointing of counsel.

### (3) Merits of the Claim

Early evaluation of the potential merits of a *pro se* litigant's *in forma pauperis* claim is very important because initial screening by the court can eliminate patently frivolous actions. However, early evaluation should interpret *pro se* complaints liberally. See Pena v. United States, 122 F.3d 3, 4 (5th Cir. 1997). Moreover, in making the evaluation, the court must weigh all alleged facts in a movant's favor. This necessarily means the court should accept movant's allegations as true, unless they rise to the level of being wholly irrational or incredible. See Denton v. Hernandez, 504 U.S. 25, 30 (1992). Weighing facts in a movant's favor also means the court should grant movant all reasonable inferences of his factual contentions. See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991). Therefore, if movant asserts a recognized legal theory, and facts supporting such a claim, the claim is not wholly frivolous and should survive frivolousness review. See Denton, 504 U.S. at 33.

Under Title VII, a *prima facie* case of racial discrimination regarding compensation is established by evidence that: (1) the plaintiff is a member of a protected class; and (2) the plaintiff was paid less than a nonmember of his class for work requiring substantially the same responsibility. Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir. 1984).

Plaintiff is a black male, and clearly is within a federally-protected class. He alleges that a white male worked in the same position, and was paid more for doing the same type of work. Although this fact ultimately may be disputed, plaintiff testified under oath that he and Miekelson both were inside technicians, but Miekelson was paid more and assigned more lucrative jobs. Weighing these alleged facts in movant's favor, along with reasonable inferences drawn therefrom, the undersigned concludes plaintiff establishes a *prima facie* case of discrimination.

*For this reason alone*, the court elects to request a counsel to represent the plaintiff. Plaintiff is notified, however, that under the analytical rubric applicable to Title VII cases,[2] a *prima facie* case can be easily rebutted. In that event, the burden will shift back to the complaining plaintiff to show that the employer's articulated reason is a sham or pretext for unlawful *racial* discrimination. Ultimately, the question is not whether plaintiff was treated unfairly, but rather whether he was treated differently *because* of his race.

On this ultimate issue, plaintiff's testimony at the evidentiary hearing was weak or wholly lacking. Consequently, the court's decision to appoint counsel should not be interpreted as an indication that plaintiff likely will succeed in this action.

---

[2] See Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005).

Under the court's order, appointed counsel must consider plaintiff's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics, but counsel is not required to agree with the plaintiff's personal view of the prevailing law or the equities of the case. Appointed counsel must communicate with plaintiff reasonably, but has no duty to "do docilely as he is told." United States v. Moore, 706 F.2d 538, 540 (5th Cir. 1983) (stating standard for counsel in criminal case). Appointed counsel must only be competent in presenting plaintiff's case in conformity with the Constitution, rules of evidence and all other controlling rules and practices. Id.

Finally, appointed counsel is not obligated under the court's order to prosecute a futile claim merely because plaintiff desires such. Accordingly, if, after diligent evaluation, appointed counsel concludes that the case lacks merit, and plaintiff rejects counsel's advice, counsel may file an Anders-type brief requesting to be excused from the case. Anders v. State of Cal., 386 U.S. 738, 744 (1967).

## Conclusion

Plaintiff successfully demonstrates inability to afford counsel, reasonable diligence in attempting to secure counsel, and an initial *prima facie* case of discrimination. Therefore, plaintiff's motion for appointment of counsel will be granted,

subject, however, to the limitations expressed above. An order granting plaintiff's motion for appointed counsel will be entered separately.

SIGNED this 7th day of December, 2007.

_____
Earl S. Hines
United States Magistrate Judge